IN the MATTER OF MEDICAL INCAPACITY PROCEEDINGS AGAINST Robert R. GAVIC, Attorney at Law.

Supreme Court

*No. 83–1501–D. Filed January 18, 1984.*
(Also reported in 342 N.W.2d 244.)

*PER CURIAM.   Attorney medical incapacity proceeding; attorney's license suspended and conditions imposed on his continued practice of law.*

This proceeding was commenced by the Board of Attorneys Professional Responsibility on August 5, 1983, seeking the imposition of conditions upon Attorney Robert R. Gavic's license to practice law because of his medical incapacity. Gavic was admitted to practice in Wisconsin in 1954 and practices in Spring Valley.

The court indefinitely suspended Gavic's license to practice law on May 5, 1978, by reason of his medical incapacity, namely, alcoholism, and reinstated his license on December 22, 1978, subject to specified conditions to which Gavic had stipulated, including that he abstain from the use of alcoholic beverages. One of those conditions stated that should Gavic "indulge in the use of alcoholic beverages in the future, he herewith consents to the immediate suspension of his license by the Supreme Court."

In 1982 the board, investigating two complaints received from Gavic's clients, learned that Gavic had sporadically resumed his abuse of alcohol, causing him to neglect two legal matters. One of those matters concerned his failure to appear at a contested divorce hearing on behalf of a client, and the other matter, not detailed in the record, was considered by the board and dismissed. Following a background investigation in which the board contacted judges and lawyers in the area in which Gavic practices, the board entered into a stipulation with Gavic calling for the imposition of conditions on his continued practice of law rather than the immediate suspension of Gavic's license, as contemplated by the court's December 22, 1978 order.

The conditions on Gavic's continued practice of law to which the board and Gavic stipulated are the following:

"Respondent shall comply with the provisions of the Wisconsin Code of Professional Responsibility, set forth in Supreme Court Rules, Chapter 20; that either the Board's finding or Respondent's admission of unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

"Respondent shall maintain complete abstinence from alcohol or other mood changing chemicals.

"Respondent shall attend at least one Alcoholics Anonymous Meeting or Lawyers Concerned for Lawyers session each week.

"Respondent shall attend after-care and post-treatment sessions recommended by St. Mary's Rehabilitation Center, Minneapolis, Minnesota; Respondent shall supply such waivers as are necessary for the Administrator of the Board to verify that recommendations of the treatment center are followed.

"Respondent shall practice under supervision of another attorney acceptable to the Administrator for the Board, which attorney is involved in Lawyers Concerned for Lawyers in Wisconsin or Minnesota, or is an attorney presently attending Alcoholics Anonymous or Lawyers Concerned for Lawyers Meetings; that such supervising attorney shall report to the Administrator for the Board in writing monthly concerning the Respondent's compliance with such conditions herein; that the first such report shall be due on or before September 1, 1983; that Respondent agrees that the supervising attorney shall immediately advise the Administrator of any discovered breach by Respondent of this stipulation; that Respondent will cooperate fully with the supervising attorney, and shall produce such books, records and files as may be necessary for the supervising attorney to verify Respondent's compliance with this stipulation.

"The Administrator for the Board and Respondent agree that Atty. Russell M. Spence, Minneapolis, Minnesota shall be appointed as Respondent's supervising attorney. Respondent shall perform such acts as are necessary to enable this supervising attorney to perform his duties effectively.

"Respondent further agrees to continue to submit to a medical examination by a competent physician each six months for an indefinite period, and that he shall autho-

rize and direct his physician to submit reports of such examinations to the Board of Attorneys Professional Responsibility as required previously as a condition in the Supreme Court Order of December 22, 1978.

"Respondent fully understands that if he fails to comply with the terms and conditions of this Stipulation, the Administrator for the Board has the right to immediately seek the suspension of Respondent's license to practice law in the Wisconsin Supreme Court."

In its amended petition filed in this matter, the board stated that it initiated an investigation into Gavic's medical incapacity as a result of the two grievances filed by his clients in 1982 and as a result of two medical reports submitted to the board pursuant to the conditions imposed by the court's December 22, 1978 order disclosing that Gavic had consumed alcohol for a limited period of time. The board said:

"That the above referred to evidence produced during the Board's recent investigation supports the Board's finding that Respondent suffers from a medical incapacity by reason of his chronic chemical abuse and dependency, and that such chronic chemical abuse and dependency constitutes a danger to the interests of his clients and to the public, which require the suspension of Respondent's license to practice law."

The amended petition was accompanied by a second stipulation by which Gavic admitted the allegations of his neglect of client matters and of his chronic chemical dependency "which condition could constitute a danger to the interest of his clients and to the public." The parties stipulated that as long as Gavic complies with the conditions to which he had previously stipulated, "the possible harm to his clients and the public is substantially diminished, [and] that he should be permitted to continue the practice of law."

In his report, the referee, the Honorable Rodney Lee Young, reserve judge, made findings consistent with the

stipulations entered into by the parties and recommended that the court impose on Gavic's license to practice law the conditions to which the parties stipulated. The referee further recommended that the petition, amended petition, stipulations, exhibits and medical records be sealed by the court and not disclosed except by court order, although the parties had requested that only the medical records be treated as confidential. The referee also recommended that Gavic be required to pay the costs of the proceeding within 30 days of the court's order in the matter.

At the hearing before the referee, the board noted that this is its first effort to fashion conditions on an attorney's continued practice when that attorney's professional activity is adversely affected by alcoholism. This is incorrect; the board sought and the court imposed conditions on the continued practice of law of an attorney suffering from alcoholism in *Medical Incapacity Proceedings Against Fleming*, Case No. 83–1582–D, decided September 1, 1983. There, too, the parties had stipulated to the imposition of conditions, including periodic medical reports, continued rehabilitation treatment, and involvement with another attorney in alcohol rehabilitation.

As in *Fleming*, the proposed conditions on Gavic's continued practice of law appear reasonably directed to his rehabilitation from the medical incapacity of alcoholism. Unlike *Fleming*, however, Gavic has been previously investigated for unprofessional conduct and, indeed, has had his license suspended for medical incapacity. Further, Gavic violated one of the conditions imposed upon him by the court when he resumed the use of alcohol. Consequently, we do not consider that the continued imposition of conditions on Gavic's practice of law is sufficient response to Gavic's conduct. Rather, it is appropriate that Gavic's license to practice law be suspended

for 30 days, following which the conditions to which he stipulated be imposed on his continued practice of law.

Customarily, we would afford the parties an opportunity to file briefs on the question of the appropriateness of the discipline or remedial measures recommended by the referee in the event we disagreed with the referee's recommendation. In this case, however, we do not do so for the reason that, in seeking reinstatement of his license in 1978, Gavic stipulated to the immediate suspension of his license by the court, should he resume the use of alcoholic beverages.

IT IS ORDERED that the license of Robert R. Gavic to practice law in Wisconsin is suspended for 30 days, commencing March 1, 1984.

IT IS FURTHER ORDERED that the continued practice of law of Robert R. Gavic is conditioned upon those provisions to which the Board of Attorneys Professional Responsibility and Robert R. Gavic have stipulated, as set forth in this opinion.

IT IS FURTHER ORDERED that Robert R. Gavic pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this proceeding in the amount of $1,279.35, provided that if the costs are not paid within the time specified, the license of Robert R. Gavic to practice law in Wisconsin shall be forthwith revoked.

IT IS FURTHER ORDERED that the medical records pertaining to Robert R. Gavic are confidential and may not be released without an order of the court.

ABRAHAMSON, J., dissents and would give the parties the opportunity to file briefs on the issue of appropriate remedial measures to be imposed in this matter.