IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Jeffrey C. DES JARDINS, Attorney
at Law.

Supreme Court

*No. 90-2805-D. Filed August 19, 1991.*

(Also reported in 472 N.W.2d 925.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Attorney Jeffrey C. Des Jardins be sus-
pended for two years as discipline for professional mis-
conduct. That misconduct consisted of twice unilaterally
altering a stipulation between parties in a divorce pro-
ceeding in order to provide employment and financial
benefits to his client following the divorce. In addition,
Attorney Des Jardins failed to respond to inquiries of
the Board of Attorneys Professional Responsibility
investigating his misconduct.

We determine that the recommended two-year
license suspension is appropriate discipline. On two

occasions Attorney Des Jardins, at his former client's request, altered a document that had been filed in a court proceeding so that his former client would obtain a financial benefit. His fraudulent conduct, coupled with his failure to respond to the Board in its investigation, merits severe discipline.

Attorney Des Jardins was admitted to practice law in Wisconsin in 1976 and practices in Green Bay. His license was suspended in June, 1991 for failure to comply with continuing legal education requirements. In 1987 he was publicly reprimanded for neglect of two client matters and failure to give one of the clients timely notice of his intent to withdraw from representation. *Disciplinary Proceedings Against Des Jardins,* 140 Wis. 2d 541, 411 N.W.2d 138. The referee in the instant proceeding is the Hon. John A. Fiorenza, reserve judge.

Attorney Des Jardins stipulated to the facts relating to his misconduct. In 1986 he represented a woman in the Army Reserve in a divorce action. The parties to that action signed a stipulation in June, 1988 awarding custody of their children to the mother and requiring the father to pay child support. At the time of the divorce, Attorney Des Jardins' client was on active duty in the Army Reserve and in August, 1988, at her request, he altered a copy of the stipulation by replacing two pages of it with pages indicating that the father had custody of the children and that the mother was paying child support. That alteration was made to enable the former client to remain on active duty in the Army Reserve.

In the summer of 1989, the former client contacted Attorney Des Jardins asking that the stipulation again be altered. Attorney Des Jardins then replaced the already altered two pages of the stipulation with two new pages stating that the client's mother had custody of the children and was receiving child support from the

mother. That alteration was made to enable the client to obtain $1,365 from the Army for child support payments she was purportedly making. Neither this nor the previously altered stipulation was signed by the parties to the action or filed with the court.

During the course of the Board's investigation of this matter, Attorney Des Jardins failed to respond in writing to Board requests for information.

The referee concluded that Attorney Des Jardins engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c),[1] counselled and assisted a client in conduct he knew was criminal or fraudulent, in violation of SCR 20:1.2(d),[2] and failed to cooperate with the Board, in violation of SCR 22.07(2)[3] and 21.03(4).[4] As discipline for that miscon-

---

[1]SCR 20:8.4 provides: **Misconduct** It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[2]SCR 20:1.2 provides:

**Scope of representation**

. . .

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

[3]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information

duct, the referee recommended that Attorney Des Jardins' license to practice law be suspended for two years.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline.

IT IS ORDERED that the license of Jeffrey C. Des Jardins to practice law in Wisconsin is suspended for a period of two years, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey C. Des Jardins pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jeffrey C. Des Jardins to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Jeffrey C. Des Jardins comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

HEFFERNAN, C.J., did not participate.

---

or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[4]SCR 21.03 provides: **General principles.** . . . (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.