# IN the MATTER OF DISCIPLINARY PROCEED-INGS AGAINST M. Joanne WOLF, Attorney at Law.

Supreme Court

*No. 90–0806–D. Submitted on briefs October 30, 1991.—Decided November 27, 1991.*

(Also reported in 476 N.W.2d 878.)

For the Board of Attorneys Professional Responsibility there were briefs filed by *Thomas M. Fitzpatrick*, LaCrosse.

For M. Joanne Wolf, there was a brief filed by *Charles E. Brady* and *Czajkowski, Brady & McCreary*, Prairie du Chien.

PER CURIAM. *Attorney disciplinary proceeding; conditions on license to practice law imposed.*

This is an appeal by the Board of Attorneys Professional Responsibility (Board) from the recommendation of the referee that the costs of this proceeding not be assessed against Attorney M. Joanne Wolf because her professional misconduct was caused by a mental condition. Neither the Board nor Attorney Wolf appealed from the referee's findings of fact and conclusions of law concerning her misconduct or from the recommendation that her continued practice of law be conditioned upon her continuation of medical treatment, with periodic reporting of it to the Board. Accordingly, we review those findings, conclusions and recommendation for discipline together with this appeal.

We adopt the referee's findings of fact and the conclusions of law based thereon that Attorney Wolf's failure to provide a client's file to successor counsel, her failure to provide a written response to the Board and misstatements she made to the district professional responsibility committee in the course of its investigation into that matter, her failure to promptly provide a client with client records in her possession upon request and her failure to make a full and fair disclosure of all facts and circumstances pertaining to that client's grievance and failure to cooperate fully with the Board in its

investigation of it constituted professional misconduct. We accept the referee's recommendation of discipline for her misconduct and condition Attorney Wolf's license to practice law on her continuation of psychiatric treatment and medication as may be recommended by a physician and the physician's advising the Board quarterly of Attorney Wolf's compliance with the treatment program for the time the physician determines necessary. We do not, however, accept the referee's recommendation that the costs of this disciplinary proceeding not be assessed against Attorney Wolf, even though we have adopted the factual finding that her misconduct was caused by a mental condition.

Attorney M. Joanne Wolf, was admitted to practice law in Wisconsin in 1980. She formerly served as district attorney for Crawford county and currently practices law in Prairie du Chien. She has not previously been the subject of a disciplinary proceeding. The referee is Attorney Janet Jenkins.

Following a two-day hearing, the referee made the following findings of fact. In August, 1987, a woman retained Attorney Wolf to represent her in a divorce. In November, 1988, the circuit judge presiding in the action told Attorney Wolf that he would not grant her request to schedule a final hearing until she closed an estate in an unrelated probate proceeding. In December of that year, Attorney Wolf sent the client's husband a proposed final financial statement, asking him to sign and return it, together with a proposed property division.

In January, 1989, Attorney Wolf took office as district attorney for Crawford county. Between the end of 1988 and June of 1989 she took little action regarding the divorce proceeding, despite her client's request that the matter be completed. Attorney Wolf told the client in June, 1989 that she was unable to complete the

divorce because of her position as district attorney but would find another attorney to take over the matter. When Attorney Wolf failed to contact her regarding a successor attorney, the client filed a grievance with the Board during the first week of July.

The Board notified Attorney Wolf of the client's grievance and asked her to submit a written response to it within 20 days. Attorney Wolf failed to do so. She subsequently told the Board she would provide a written response within a specified time but did not do so.

In November, 1989, the district professional responsibility committee held an investigative meeting concerning the grievance. At that meeting Attorney Wolf made several misrepresentations, including that she turned the divorce file over to a successor attorney in July, 1989. In fact, when she made that statement, she had notice of a court order issued three weeks earlier directing her to deliver the divorce file to the successor attorney within 10 days.

On December 4, 1989, the court ordered Attorney Wolf to show cause the following day why she should not be held in contempt for failure to turn over the client's divorce file to successor counsel. At the hearing on that order, Attorney Wolf told the court she had not given successor counsel the file because she believed that the divorce hearing was scheduled for December 15, 1989. That statement was contrary to her prior statement to the district committee that the hearing was scheduled for December 5, 1989. Under threat of being jailed for contempt, Attorney Wolf delivered the client's file to the court the next day.

In another matter, Attorney Wolf told a tax client she would be unable to prepare his 1988 tax returns because she had taken office as district attorney. Thereafter the client asked her to provide him a copy of a

depreciation worksheet from the prior year's return so his new tax preparer could prepare the depreciation schedule to be attached to the 1988 returns.

When Attorney Wolf did not provide that worksheet, the client repeatedly asked her for it and on two occasions an attorney he retained wrote to Attorney Wolf asking for all the information she had concerning the client's tax matters. That attorney also attempted to contact Attorney Wolf and left messages for her. In January, 1990, the client filed a grievance with the Board for Attorney Wolf's failure to provide him with a copy of tax records needed to prepare his returns.

Attorney Wolf failed to respond to two requests from the Board for a reply to the grievance and after being contacted by the district professional responsibility committee chairperson concerning the matter, she sent a response to the Board containing misrepresentations concerning when the client first requested a copy of his depreciation information. She also misrepresented that she twice had mailed the information to the client but the letters were returned and that the client had come to her office to get the papers when she was not there and she thought he would return.

At a subsequent appearance before the Board, Attorney Wolf stated that she believed it was unnecessary to respond to the tax client's grievance because she thought it concerned the length of time it had taken for her to provide him with the depreciation worksheet she thought she had sent him and did not realize until later that the client was complaining that he never received it. She also said she continued to ignore the client's and his attorney's repeated requests for the information because she thought she already had sent it to the client.

In this disciplinary proceeding, Attorney Wolf asserted that her conduct in these matters was the result

5

of a physical condition. On this issue the referee found that from 1987 to the present, Attorney Wolf suffered intermittently from clinical depression, for which she was first treated with medication in March, 1987. After having ceased taking her medication, Attorney Wolf was diagnosed in September, 1988 as suffering from possible anxiety reaction and again placed on medication, which she took for 30 days. In April, 1990 she suffered what was considered a major depressive episode. Following that episode, she was diagnosed as suffering from situational depression and medication was again prescribed, which she continues to take at present. The referee made several factual findings concerning the nature of clinical depression and its manifestations, noting that intentional deceit is not a symptom of depression and is not caused by the illness.

Regarding the matters considered in this proceeding, the referee found that Attorney Wolf's failure to properly handle the divorce client's matter, including her failure to cooperate with the Board after the client filed a grievance, was caused by her clinical depression. Likewise, the referee found that her failure to provide the tax client with the requested information and her failure to cooperate with the Board following the client's grievance was caused by her clinical depression. The referee further found that there was no clear and satisfactory evidence that Attorney Wolf's misrepresentations to the Board were attributable to intentional deceit, as opposed to lack of memory or confusion brought about by her clinical depression.

On the basis of these facts, the referee concluded as follows. Attorney Wolf's failure to timely provide her divorce client's file to successor counsel violated SCR

20:1.16(d),[1] which requires an attorney terminating representation to take steps to the extent reasonably practicable to protect a client's interests; her failure to provide a written response to the Board and her misstatements to the district committee constituted a failure to cooperate with the Board, in violation of SCR 22.07(2);[2] her failure to make a full and fair disclosure of all facts and circumstances pertaining to the tax client's grievance and her failure to cooperate fully with the Board violated SCR 22.07(2); her failure to promptly provide the tax client with his records when requested constituted a failure to surrender papers to which a client is entitled, in violation of SCR 20:1.15(b),[3] and violated 20:1.16(d).

---

[1]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[2]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[3]SCR 20:1.15 provides:

However, the referee concluded that there was no misconduct by virtue of Attorney Wolf's failure to deliver the divorce file to successor counsel after being ordered to do so by the court because the Board did not meet its burden of proof that her failure to do so was intentional rather than negligent and caused by her illness. Likewise, the referee concluded that the Board failed to meet its burden of proof that Attorney Wolf's incorrect statements to the court regarding the date of the final divorce hearing constituted a knowingly false statement of material fact or that her incorrect statement to the Board regarding the date of the tax client's initial inquiry about his records was an intentional misrepresentation, as opposed to confused and erroneous statements caused by her illness.

As discipline for her misconduct, the referee recommended that Attorney Wolf's license to practice law be conditioned upon her continuation of psychiatric treatment and medication as recommended by a competent physician, that the physician advise the Board in writing of the treatment program and that Attorney Wolf submit to the Board quarterly a report from the physician concerning her compliance with the treatment program. The referee recommended that the physician advise the Board of the period of time needed for treatment and

---

**Safekeeping property.**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

8

that the court adopt that time period for the imposition of these conditions.

The referee rejected the Board's request that she recommend the assessment of costs of this proceeding against Attorney Wolf. The referee stated that such a recommendation would be inconsistent with her determination that the misconduct was caused by a mental illness. In her report, the referee stated:

> . . . I also believe that in cases such as this one, where the respondent's illness caused the misconduct, it seems more appropriate to have the costs shared by the Bar as a whole rather than impose them upon the ill individual. To do otherwise seems akin to imposing upon a criminal defendant any restitution costs or other typically assessed court costs after the defendant has been found not guilty by reason of mental disease or defect.
>
> In making this recommendation that the respondent not be assessed the cost of this proceeding, I am also considering the negligent nature, as opposed to intentional nature, of the respondent's actions leading to the finding of misconduct. I am also considering the nature and severity of the respondent's illness . . . ..

In its appeal from that recommendation concerning the assessment of costs, the Board asserted that, with few exceptions, the court has imposed full costs of a disciplinary proceeding against an attorney found to have engaged in professional misconduct, even when that misconduct was found to have been caused by a disease and whether the proceeding was disciplinary or medical in nature. It cited *Disciplinary Proceedings Against Fay,* 123 Wis. 2d 73, 365 N.W.2d 13 (1985), in which the court assessed full costs on an attorney found to have engaged in neglect and misrepresentation as a

consequence of alcoholism, for which the court imposed a 60-day suspension and stayed it. Also, in *Medical Incapacity Proceedings Against Gavic*, 116 Wis. 2d 374, 342 N.W.2d 244 (1984), the court imposed full costs on an attorney who consumed alcohol in violation of a condition of his continued practice and, as a result, engaged in neglect. In *Disciplinary Proceedings Against Hankel*, 126 Wis. 2d 390, 376 N.W.2d 848 (1985), the court considered an attorney's misconduct found to have been caused by work inhibition syndrome and assessed the full costs of the disciplinary proceeding against the attorney.

The Board contended that an attorney suffering a physical or mental condition impairing the ability to represent a client has a duty under SCR 20:1.16(a)(2)[4] to withdraw from representation, as the failure to do so puts the lawyer's clients at considerable and unreasonable risk. Requiring Attorney Wolf to pay the costs of this proceeding, the Board asserted, will encourage other attorneys to recognize early symptoms of medical conditions impairing their practice and withdraw promptly from their clients' matters.

The Board's second argument is that an attorney's physical or mental condition is not a defense to professional misconduct but only a factor to be considered in mitigation of the severity of discipline to be imposed for it. Distinguishing the referee's observation that assess-

---

[4]SCR 20:1.16 provides:

**Declining or terminating representation**
(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

. . .

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

ing costs against a lawyer whose illness caused misconduct is comparable to a criminal defendant found not guilty by reason of mental disease or defect, the Board pointed out that Attorney Wolf was not found "not guilty" of professional misconduct; on the contrary, the referee concluded that she violated three rules of professional conduct. In response to the referee's suggestion that Attorney Wolf be excused from paying the costs of this proceeding because her conduct was negligent rather than intentional, the Board asserted that the negligent nature of an attorney's misconduct, too, is a factor to be considered in mitigation of discipline to be imposed and has no bearing on whether the attorney should be assessed costs.

It is the Board's position that, because Attorney Wolf did not timely and properly withdraw from representing her divorce and tax clients and did not voluntarily petition for supervision of her practice because of her medical condition, she caused these costs to be incurred. Indeed, the Board asserted, her failure to cooperate with the Board in its investigation of client grievances made the disciplinary proceeding, including the two days of hearing, necessary. Accordingly, it argued, the costs of the proceeding should be borne by her, not by the entire bar.

Attorney Wolf's principal argument is that the court should accept the referee's recommendation that the costs of this disciplinary proceeding not be assessed against her because that recommendation is not clearly erroneous and is supported by a careful and well-reasoned discussion of the issue. That argument misapprehends the applicable standard of review in attorney disciplinary proceedings. The clearly erroneous standard applies only to a referee's findings of fact. Contrary to

11

Attorney Wolf's position, the court owes no deference to a referee's recommendation on the issue of costs.

Attorney Wolf also erred in her assertion that the referee concluded that her illness rendered her not "culpable" for acts which would otherwise constitute professional misconduct. The referee explicitly concluded that she violated specified rules of professional conduct and recommended discipline for those violations in the form of conditions addressing her medical condition.

We reject Attorney Wolf's claim that her illness rendered her incapable of correcting her misconduct by timely withdrawing from the representation of her clients, as well as her contention that the nature of her illness prevented her from addressing her problem and, thus, necessitated this disciplinary proceeding. Accordingly, we do not accept the referee's recommendation that the costs of the proceeding be borne by all attorneys licensed to practice law in Wisconsin.

IT IS ORDERED that the license of M. Joanne Wolf to practice law in Wisconsin is conditioned on her continuation of treatment recommended by a physician for the period of time the physician determines necessary for her recovery.

IT IS FURTHER ORDERED that the physician recommending treatment of Attorney Wolf advise the Board of Attorneys Professional Responsibility in writing of the treatment program and submit quarterly reports to the Board concerning Attorney Wolf's compliance with that treatment program.

IT IS FURTHER ORDERED that within 60 days of the date of this order M. Joanne Wolf pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a

showing to this court of her inability to pay the costs within that time, the license of M. Joanne Wolf to practice law in Wisconsin shall be suspended until further order of the court.