IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey C. DES JARDINS, Attorney at Law.

Supreme Court

*No. 92-2163-D. Filed December 16, 1992.*

(Also reported in 493 N.W.2d 63.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Jeffrey C. Des Jardins to practice law in Wisconsin be suspended for three years for professional misconduct consisting of his failure to negotiate a settlement or reopen a client's action for over two years, his failure to return telephone calls from his clients for the same period of time, his failure to inform them of the

dismissal of their action and his notifying them of a fabricated trial date and its equally fabricated postponement. The referee recommended that the three-year license suspension imposed as discipline for that misconduct run consecutively to the two-year suspension of Attorney Des Jardins' license to practice law the court imposed, effective August 19, 1991, as discipline for other misconduct.

We determine that the suspension recommended by the referee is appropriate discipline for Attorney Des Jardins' misconduct considered in this proceeding. That misconduct represents a continuation of Attorney Des Jardins' neglect of client matters and had serious repercussions on his clients, as their action was dismissed on the merits as a direct result of Attorney Des Jardins' neglect. In addition, Attorney Des Jardins ignored his basic professional duty to keep his clients informed of the status of the matter they had retained him to pursue and attempted to prevent them from discovering his neglect by misrepresenting facts.

Attorney Des Jardins was admitted to practice law in Wisconsin in 1976 and, prior to the license suspension currently in effect, practiced in Green Bay. He has been disciplined on three prior occasions. In 1987, the court publicly reprimanded him for neglecting two client legal matters. *Disciplinary Proceedings Against Des Jardins,* 140 Wis. 2d 541, 411 N.W.2d 138. In 1989, the Board publicly reprimanded him for neglect of a client's legal matter. In 1991, the court suspended his license for two years for having improperly altered a stipulation in a divorce action in order to obtain a financial benefit and favorable employment treatment for his client and for failing to cooperate with the Board of Attorneys Professional Responsibility (Board) during its investigation.

179

*Disciplinary Proceedings Against Des Jardins*, 163 Wis. 2d 969, 472 N.W.2d 925.

Despite being personally served with the complaint and order to answer in this proceeding, Attorney Des Jardins did not file an answer or otherwise appear in the proceeding. Consequently, the referee, Attorney John Schweitzer, made findings of fact based on the Board's complaint.

In the summer of 1984 a couple retained Attorney Des Jardins to represent them on a claim for payment from the sale of real estate. Attorney Des Jardins filed a complaint in federal district court in February, 1985 against the purchasers and against complaint in federal district court in February, 1985 against the purchasers and against the real estate broker involved in the sale. One of the defendants failed to answer or appear and a $17,500 default judgment was granted against him in May, 1986. Notwithstanding that judgment, Attorney Des Jardins did not pursue any collection effort on behalf of his clients.

After the other defendant filed an answer, the court dismissed the action without prejudice on September 15, 1986 for the reason that the parties were attempting to reach a settlement. Thereafter, counsel exchanged several letters outlining the possibility of settlement but no settlement was reached. From 1987 through early 1989, Attorney Des Jardins made no further settlement efforts on behalf of his clients and did not return their numerous telephone calls inquiring into the status of the action.

In January, 1989, Attorney Des Jardins filed a motion to reopen the action on the ground that settlement had not been reached. The court granted that motion and set a trial date, which was subsequently rescheduled three times. When the trial was not held on

the last rescheduled date, the defendant filed a motion to dismiss the action, together with a motion for summary judgment.

Over two months later, Attorney Des Jardins filed a request to withdraw as counsel for his clients and the court set that motion for a hearing on February 14, 1991, sending notice of that hearing to Attorney Des Jardins. Neither Attorney Des Jardins nor his clients appeared at the hearing and the defendant filed a motion the following day to dismiss the action on the merits and sent a copy of that motion to Attorney Des Jardins. The court granted that motion and dismissed the action on the merits on February 20, 1991.

Three weeks later, on March 12, 1991, Attorney Des Jardins' clients wrote the court asking to be personally informed of developments in their action due to Attorney Des Jardins' withdrawal from their representation. In that letter, they also asked for a postponement of the March 25, 1991 trial date, which Attorney Des Jardins apparently had fabricated and reported to them. On March 13, 1991, Attorney Des Jardins wrote his clients that the March 25, 1991 trial date he had told them about had been postponed. On March 18, 1991, the court informed the clients that their action had been dismissed the preceding month because there had been no appearance on their behalf at the hearing on the defendant's dismissal motion.

On the basis of those facts, the referee concluded as follows. By failing to negotiate a settlement or reopen his clients' action for more than two years, Attorney Des Jardins failed to act with reasonable diligence and promptness in representing those clients, in violation of SCR 20:1.3.[1] His failure to return telephone calls from

---

[1] SCR 20:1.3 provides:

181

his clients for over two years and to inform them of the dismissal of their action constituted a failure to keep clients reasonably informed about the status of their case and to comply promptly with reasonable requests for information, in violation of SCR 20:1.4.[2] By writing to his clients that the trial purported to have been scheduled for March 25, 1991 had been postponed when, in fact, no trial had been scheduled for that date and the court had dismissed the action more than one month earlier, Attorney Des Jardins engaged in conduct involving deceit and misrepresentation, in violation of SCR 20:8.4.[3]

We adopt the referee's findings of fact and conclusions of law in respect to Attorney Des Jardins' professional misconduct in this matter. We also accept the referee's recommendation that we impose a three-year license suspension, consecutive to the current two-year suspension, as discipline for that misconduct.

In making that recommendation, the referee considered the prior discipline imposed on Attorney Des

---

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[3] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . .

182

Jardins and his failure to cooperate in any way in the investigation, prosecution and disposition of this proceeding and his failure to respond to the Board in the 1991 proceeding. The referee also observed that Attorney Des Jardins received a public reprimand during the time relevant to the misconduct considered in this proceeding and another public reprimand prior to this misconduct.

In his report, the referee noted that the Board had suggested a two-year license suspension, consecutive to the current suspension, as appropriate discipline to be recommended. The referee, however, was of the opinion that, in light of Attorney Des Jardins' repeated misconduct and his complete disregard for the authority of the Board and, ultimately, the court's, license revocation was warranted. He observed that a three-year license suspension consecutive to the current suspension will have the same effect as a license revocation, as an attorney whose license is revoked is prohibited from seeking license reinstatement for five years following commencement of the suspension.[4]

IT IS ORDERED that the license of Jeffrey C. Des Jardins to practice law in Wisconsin is suspended for a period of three years, commencing August 19, 1993, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey C. Des Jardins pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jeffrey C. Des Jardins to

---

[4] In fact, the three-year suspension will permit Attorney Des Jardins to petition for reinstatement three months prior to the expiration of the suspension period. SCR 22.28(3).

practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jeffrey C. Des Jardins comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.