IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST M. Joanne WOLF, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

M. Joanne WOLF, Respondent.

Supreme Court

*No. 00–2918–D. Filed February 6, 2000.*

2001 WI 4

(Also reported in 621 N.W.2d 624.)

¶ 1.   PER CURIAM.   We review the comprehensive stipulation filed by Attorney M. Joanne Wolf and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1] The stipulation sets forth findings of fact and conclusions of law concerning Attorney Wolf's professional misconduct including neglecting a case, making misrepresentations to both her client and the clerk of court's office, and altering a public document both fraudulently and criminally; all the stipulated misconduct occurred while Attorney Wolf was representing a client at the time when Attorney Wolf's law license remained under suspension for more than six years for her failure to pay bar dues. The parties also stipulated to a two-year suspension of Attorney Wolf's license to practice law as discipline for this misconduct.

¶ 2.   We approve the stipulation and determine that the seriousness of Attorney Wolf's misconduct

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process was substantially restructured. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility to the Office of Lawyer Regulation (OLR) and the Supreme Court rules applicable to the lawyer regulation system were also revised in part. Although the conduct underlying this case occurred prior to October 1, 2000, the parties' stipulation was filed after that date pursuant to newly enacted SCR 22.12 which provides, in part:

> SCR 22.12   Stipulation.
> (1)   The director may file with the complaint a stipulation of the director [of OLR] and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

All references to Supreme Court rules in this opinion will be to those now in effect since October 1, 2000, except as specifically noted.

warrants the suspension of her license to practice law for two years.

¶ 3.  Attorney Wolf was admitted to the practice of law in Wisconsin in 1980. She previously served as district attorney in Crawford county and she currently resides in Prairie du Chien. In 1991 this court imposed medical conditions on Attorney Wolf's license. *Disciplinary Proceedings Against Wolf*, 165 Wis. 2d 1, 476 N.W.2d 878 (1991). Attorney Wolf was thereafter suspended from the practice of law for nonpayment of bar dues, effective November 2, 1992, and has remained under suspension since that date.

¶ 4.  The specific facts giving rise to this current disciplinary action reflect that Attorney Wolf was retained in July 1997 to represent a client in a divorce action. That client and her husband had been separated for many years and the husband's whereabouts were unknown. Attorney Wolf was told by the client that she planned to marry her fiancé on May 16, 1998, and she said she wanted to be certain that her divorce would be completed quickly enough so that it would not interfere with those plans. Attorney Wolf informed the client that she could not remarry until six months after the effective date of the divorce, and thus, the divorce would need to be final by mid-November 1997.

¶ 5.  Attorney Wolf subsequently informed her client that the final hearing in the divorce action had been scheduled for November of 1997; later, Attorney Wolf reported that the hearing date had to be postponed. When the client expressed concern about the mandatory six-month waiting period before remarrying, Attorney Wolf said she would get the final hearing rescheduled and would ask the judge to waive the six-month requirement. In fact, Attorney Wolf had not at

that time filed the divorce petition and did not do so until March 31, 1998.

¶ 6. On April 29, 1998, the circuit court granted Attorney Wolf's client a default divorce subject to submission of proof that the client's husband had been properly served with the divorce petition by publication. The judge reminded Attorney Wolf's client that she could not remarry until six months after the date of the divorce. When the client later expressed concern to Attorney Wolf about that warning, Attorney Wolf responded that she would have the judge backdate the divorce judgment.

¶ 7. On May 4, 1998, the client went to Attorney Wolf's office and requested and received a copy of the findings of fact, conclusions of law and judgment of divorce that Attorney Wolf had filed with the Crawford county clerk of court's office on that date. That document bore an incorrect case number and reflected that the divorce judgment had been granted on October 29, 1997. The document was imprinted with the stamp of the Crawford county clerk of court's office showing that it had been filed on May 4, 1998, and it appeared to have been signed by the judge on that same date.

¶ 8. Attorney Wolf assured her client that the document had been approved by the judge and that it would be sufficient for the client to obtain a marriage license. Attorney Wolf, however, also instructed her client to destroy the document after the marriage license had been issued; in addition Attorney Wolf told her client that she would soon receive in the mail, a certified copy of the divorce judgment with the correct date on it.

¶ 9. The circuit court judge had not, in fact, approved the use of the incorrect date on the divorce judgment Attorney Wolf had given her client.

¶ 10.   On May 8, 1998, the client took the copy of the divorce judgment she had received from Attorney Wolf to the county clerk's office to apply for a marriage license. When the client returned after the five-day waiting period to pick up the license, she was informed by the clerk that a marriage license could not be issued because the copy of the divorce judgment that had been submitted bore a date different from that on the divorce judgment on file in the clerk's office.

¶ 11.   On that same day—now only two days from the planned wedding—the client told Attorney Wolf that the marriage license could not be issued because the six-month waiting period had not yet expired. Attorney Wolf reassured the client that Attorney Wolf would take care of the problem. The next morning, Attorney Wolf went to the Crawford county clerk of court's office and attempted to persuade a deputy clerk to sign a statement to the effect that a divorce judgment is granted on the date of the hearing and entered on the date of the filing. The deputy clerk of court declined to sign that statement.

¶ 12.   Attorney Wolf then went to the office of the county clerk with the purported divorce judgment bearing the incorrect date and presented it to a deputy county clerk. When the deputy clerk noted that the dates did not correspond to the dates shown in the file in the clerk of court's office, Attorney Wolf represented that the divorce had, in fact, been granted on October 29, 1997; Attorney Wolf stated that she would straighten the matter out with the clerk of court's office. The deputy county clerk then issued the marriage license and gave it to Attorney Wolf who delivered it to her client.

¶ 13.   Later that afternoon, as the client and her fiancé were on the way to their wedding rehearsal, they

were contacted by the police who informed them that the marriage license that had been issued was not valid. As a result, Attorney Wolf's client was unable to legally marry as she had planned on May 16, 1998, although the couple did participate in a non-binding ceremony and held the reception as planned.

¶ 14. Subsequently, Attorney Wolf's client discovered that as of May 16, 1998, there was no valid judgment of divorce because Attorney Wolf had not allowed for sufficient time between the date of publication and the date of the final hearing. Attorney Wolf's client later retained different counsel and then obtained a valid divorce. The client and her fiancé were finally married in March of 2000.

¶ 15. Based on her actions in this divorce case, Attorney Wolf was convicted on June 16, 1999, on one count of altering a public record with intent to defraud, contrary to Wis. Stat. § 943.38(1)(b), a Class C felony. Sentence was withheld and she was placed on probation for four years conditioned upon performance of 250 hours of community service and the payment of restitution. A restitution order was subsequently entered requiring Attorney Wolf to make restitution in the amount of $4000 directly to her former client.

¶ 16. Based on these facts, the Board of Attorneys Professional Responsibility subsequently charged Attorney Wolf with five counts of professional misconduct:

- By providing legal representation when her law license was under suspension, respondent engaged in the practice of law in a jurisdiction where doing so violates the regulation of the

legal profession in that jurisdiction, in violation of SCR 20:5.5(a).[2]

- By failing between July 1997 and March 1998 to file her client's petition for divorce, respondent failed to act with reasonable diligence in representing her client, in violation of SCR 20:1.3.[3]

- By telling her client that a final hearing in the divorce action had been scheduled for November 1997 when respondent had not filed the divorce petition as of that date, and in subsequently misrepresenting to the client that respondent had arranged with the circuit court judge for a waiver of the mandatory six-month waiting period for remarriage, respondent engaged in conduct involving dishonesty, deceit and misrepresentation, contrary to SCR 20:8.4(c).[4]

- By fraudulently altering a public document contrary to Wis. Stat. § 943.38(1)(b), a Class C felony, respondent committed a criminal act

---

[2] SCR 20:5.5(a) provides:

A lawyer shall not:
(a)   practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

[3] SCR 20:1.3 provides:

Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

that reflects adversely on her honesty and trustworthiness, contrary to SCR 20:8.4(b).[5]

- By representing to the Crawford county clerk's office that the divorce judgment she had fabricated was a genuine document, respondent engaged in conduct involving dishonesty, deceit and misrepresentation, contrary to SCR 20:8.4(c).

¶ 17. The Board of Attorneys Professional Responsibility voted to seek a two-year suspension of Attorney Wolf's law license for these violations. The OLR subsequently filed this action and now states that this proffered stipulation reflects the (former) Board's, the OLR's and Attorney Wolf's desired result in this matter. The parties ask this court therefore to approve this stipulation, adopt the stipulated facts and conclusions of law, and order a two-year suspension of Ms. Wolf's license to practice law in Wisconsin.

¶ 18. We adopt the findings of fact and conclusions of law set forth in the parties' stipulation.[6] Attorney Wolf's serious misconduct warrants a suspension of her license. The stipulated two-year suspension is consistent with that ordered in *Disciplinary Proceed-*

---

[5] SCR 20:8.4(b) provides:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

[6] The parties assert that this stipulation was not the result of a plea agreement and reflects neither a reduction of the charge, nor a reduction of the level of discipline originally sought by the Board of Attorneys Professional Responsibility and which the OLR continues to seek in this matter. Furthermore, as the parties request and stipulate, we do not appoint a referee in this matter. SCR 22.12(1).

*ings Against Des Jardins*, 163 Wis. 2d 969, 472 N.W.2d 925 (1991), a case, like this, where an attorney had altered a court document for the purpose of obtaining a benefit for his client. We believe that under all the circumstances of this case, a two-year suspension of Attorney Wolf's license to practice law in this state is an appropriate disciplinary response to impress on her and members of the bar the seriousness of fabricating a court document to gain an improper benefit for a client.

¶ 19.   IT IS ORDERED that the license of M. Joanne Wolf to practice law in Wisconsin is suspended for a period of two years effective as of the date of this order.

¶ 20.   IT IS FURTHER ORDERED that M. Joanne Wolf comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.